[No. 6011.]
## CITY OF STOCKTON *v.* J. W. SKINNER.

STREET ASSESSMENT IN STOCKTON.—The adoption of a resolution by the City Council of Stockton, directing the publication of advertisements invit- ing proposals for street work, to be done "in accordance with the plans and specifications therefor now on file in the office of the City Clerk," is equivalent to the adoption of such plans and specifications, and is tanta- mount to a prior direction to the City Surveyor to make a survey, diagram, estimates, and specifications.

APPEAL from the District Court of the Fifth Judicial Dis- trict, San Joaquin County.

The action was brought to recover a street assessment. The resolution referred to in the opinion was as follows :

"*Resolved*, by the City Council of the City of Stockton: That the City Clerk be and he is hereby authorized and directed to re-advertise for the space of ten days in the *Stockton Daily*

*Independent* for sealed proposals for the graveling of Hunter Street from Fremont Street to Flora Street, said work to be bid for as a new and an entire contract, and to be completed in accordance with the plans and specifications therefor now on file in the office of the City Clerk, within sixty days after award of contract. And the Street Committee of this Council, composed of Councilmen Littlebrant, Williams, and Creech, is hereby authorized and directed to meet at the office of the City Clerk, at the hour of four P. M., November 3rd, 1873, for the purpose of receiving bids for said work, with full power and authority in the premises to open and consider said proposals, and to award the contract therefor as by law provided, or to reject any or all bids if deemed too high or uncertain from any cause."

Judgment was rendered for the defendant, and the plaintiff appealed.

*James A. Louttit* and *D. S. Terry*, for Appellant.

*W. L. Dudley*, for Respondent.

By the COURT:

The resolution of the City Council of October 20th, 1873, admitted to have been duly entered on its journal, was equivalent in law to an adoption of the survey, diagram, and specifications before them, made by the City Surveyor and filed with the Clerk, and was tantamount to a prior direction to the City Surveyor to make said survey, diagram, estimates, and specifications.

Judgment reversed and cause remanded, with an order to the Court below to enter a judgment for the plaintiffs upon the admissions of the pleadings, in connection with the agreed statement of facts.

Remittitur forthwith.